OPINION
SMITH, Circuit Judge.
Appellant Dawud Bey pleaded guilty to one count of conspiracy to manufacture and distribute cocaine, in violation of 21 U.S.C. § 846. As part of his plea agreement, Bey stipulated that he distributed and agreed to distribute more than 3.5 kilograms but less than 5 kilograms of cocaine in furtherance of the conspiracy. After calculating Bey’s sentencing range to be 108-135 months of imprisonment, the District Court sentenced Bey to 120 months of imprisonment. Bey now appeals his sentence.[1] We reject his claims.
First, the District Court’s application of a three-level increase in Bey’s offense level for obstruction of justice[2] was not in violation of the Fifth and Sixth Amendments. “Once a jury has found a defendant guilty of each element of an offense beyond a reasonable doubt, he has been constitutionally deprived of his liberty and may be sentenced up to the maximum sentence authorized under the United States Code without additional findings beyond a reasonable doubt.” United States v. Grier, 475 F.3d 556, 561 (3d Cir.2007) (en banc). Here, Bey’s sentence of 120 months of imprisonment is below the statutory maximum of 40 years. See 21 U.S.C. §§ 841(b)(1)(B), 846. Our opinion in Grier held that facts related to enhancements may be proven by a preponderance of the evidence. 475 F.3d at 568 (“We will affirm the District Court’s decision to apply the preponderance standard to all facts relevant to the Guidelines....”). Therefore, we reject Bey’s argument that the Government had the obligation of proving beyond a reasonable doubt that he obstructed justice.
Second, the District Court did not err in relying on hearsay evidence to find that Bey obstructed justice. As Bey admits, the Federal Rules of Evidence do not apply in sentencing proceedings. Fed. R.Evid. 1101(d)(3). Instead, evidence presented at sentencing must have a “ ‘sufficient indicia of reliability to support its *761 probable accuracy.’ ” United States v. Miele, 989 F.2d 659, 668 (3d Cir.1993) (quoting U.S. Sentencing Guidelines Manual § 6A1.3(a)). Here, we believe that the hearsay evidence — testimony from FBI Agent Kevin Lewis about his interviews with the co-conspirators that Bey allegedly threatened — was sufficiently reliable. The co-conspirators made their out-of-court statements to Agent Lewis during the course of his investigation into Bey’s alleged threats. Had they been dishonest, the co-conspirators would have exposed themselves to charges of making false statements. Thus, they had every reason to be honest with Agent Lewis. Additionally, recorded conversations between Bey and others corroborated Agent Lewis’ testimony. Therefore, the District Court’s reliance on hearsay evidence at sentencing was not in error.
Third, Bey’s sentence was not unreasonable. On appeal, Bey’s sole argument is that a co-defendant who also threatened -witnesses received a lesser sentence for that conduct, creating an unwarranted sentencing disparity. Even assuming that Bey’s co-defendant was given a lesser sentence for his threats, this is not enough to show that Bey’s sentence was unreasonable. United States v. Parker, 462 F.3d 273, 276-77 (3d Cir.2006) (“[Disparity of sentence between co-defendants does not of itself show an abuse of discretion.” (internal quotations and citation omitted)). As a result, we will affirm the sentence.

. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.
Bey's plea agreement contained a limited appellate waiver that the Government does not invoke on appeal. Accordingly, Bey's appellate waiver does not bar our review of any of the issues that he has raised. See United States v. Goodson, 544 F.3d 529, 534 (3d Cir.2008) ("[A]n appellate waiver may have no bearing on an appeal if the government does not invoke its terms.”).

. The District Court found that, while in pretrial custody, Bey threatened three co-conspirators in order to dissuade them from cooperating with the Government. As a result, the District Court concluded that Bey had obstructed justice, and increased his offense level by two levels pursuant to U.S. Sentencing Guidelines Manual § 3C1.1, and one level pursuant to U.S. Sentencing Guidelines Manual § 5K2.0.